IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CLEMENCIO LAGUISMA NAVALTA, JR. AND AILEEN TENORIO NAVALTA, <br><br> Plaintiffs, <br><br> vs. <br><br> DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE, FOR NEW CENTURY HOME EQUITY LOAN TRUST 2006-1; ET AL., <br><br> Defendants. <br> _____ | CIVIL NO. 10-00005 JMS/KSC <br><br> ORDER (1) GRANTING DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE, FOR NEW CENTURY HOME EQUITY LOAN TRUST 2006-1'S MOTION FOR SUMMARY JUDGMENT ON THE FEDERAL CLAIMS, AND (2) DECLINING SUPPLEMENTAL JURISDICTION OVER REMAINING STATE LAW CLAIMS |

**ORDER (1) GRANTING DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE, FOR NEW CENTURY HOME EQUITY LOAN TRUST 2006-1'S MOTION FOR SUMMARY JUDGMENT ON THE FEDERAL CLAIMS, AND (2) DECLINING SUPPLEMENTAL JURISDICTION OVER REMAINING STATE LAW CLAIMS**

## I. INTRODUCTION

On January 4, 2010, Plaintiffs Clemencio Laguisma Navalta, Jr. and

Aileen Tenorio Navalta ("Plaintiffs") filed this action alleging claims against

Defendants Deutsche Bank National Trust Company, as Indenture Trustee, for

New Century Home Equity Loan Trust 2006-1 ("Deutsche Bank"), Amber

Financial Group ("Amber"), and New Century Home Equity Loan Trust 2006-1

("New Century") (collectively, "Defendants") for violations of the Truth in

Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*., and various state law claims

stemming from a mortgage transaction concerning real property located at 15-1817

27th Avenue, Keeau, Hawaii, 96749 (the "subject property").

Currently before the court is Deutsche Bank's Motion for Summary

Judgment, in which it argues, among other things, that Plaintiffs' federal claims are

meritless and the court should decline supplemental jurisdiction over the remaining

state law claims. Based on the following, the court GRANTS Deutsche Bank's

Motion for Summary Judgment on Plaintiffs' federal claims. Because the rationale

of this Order applies equally to all Defendants, this grant of summary judgment is

as to all Defendants. With only state law claims remaining, the court declines

jurisdiction over these claims.

## II.  BACKGROUND

**A.  Factual Background**

In February 2006, Plaintiffs sought to purchase the subject property

and therefore sought financing with Amber. *See* Deutsche Bank Ex. B (Uniform

Residential Loan Application). To that end, on February 27, 2006, Plaintiffs

executed an Adjustable Rate Balloon Note for $248,000 and a mortgage on the

subject property in favor of Amber.  *Id.* Exs. D, E.  On March 8, 2006, the deed

and mortgage were recorded in the Office of the Assistant Registrar of the Land

Court of the State of Hawaii.  *Id.* Exs. C, E.

The FAC asserts that during this loan process, Plaintiffs were not

provided Federal Truth-in-Lending Disclosure Statements, notice of their right to

cancel, and other documents as required by TILA.  FAC ¶¶ 9, 11, 25, 31, 37.  As

indicated by their signatures, however, it appears that Plaintiffs received a Good

Faith Estimate of Settlement Costs as well as Federal Truth-in-Lending Disclosure

Statements prior to consummation of this loan transaction.  Deutsche Bank Exs. K,

L.

The note and mortgage were ultimately assigned to Deutsche Bank.

*Id.* Exs. D, F, G, R, S.  Plaintiffs subsequently defaulted on their payments on the

loan, *see* Tom Croft Decl. ¶ 12, Deutsche Bank Ex. Q,[1] and as a result, Deutsche

Bank commenced non-judicial foreclosure proceedings on November 17, 2009.

Deutsche Bank Ex. A.  This action followed.

---

[1] Plaintiffs object to this exhibit (as well as several others), arguing that Deutsche Bank
has filed false assignments of mortgages.  *See* Pls.' Opp'n 1-2.  Plaintiffs do not substantiate
their argument with any evidence and given that the court is citing Exhibit Q for the sole purpose
of showing that Plaintiffs defaulted on the loan, the court need not resolve this evidentiary
dispute.

**B.     Procedural Background**

Plaintiffs filed this action on January 4, 2010, and filed their First

Amended Complaint ("FAC") on January 7, 2010.  The FAC alleges claims titled:

(1) Unfair Trade Practice Involving Non Compliance, Under 15 U.S.C. Sections

1802, et seq. (Count I); (2) Failure to Obtain Loan Documents in Violation of 15

U.S.C. Sec. 1601, et seq. and Title 12, Regulation Z Part 226 et seq. (Count II);

(3) Failure to Give Conspicuous Writings in Violation of 15 U.S.C. § 1601, et seq.

and Title 12 of Federal Regulations, Sec. 226.18 (Count III); (4) Unfair and

Deceptive Acts and Practices in Violation of Chapter 480, Hawaii Revised Statutes

(Count IV); (5) Injunctive Relief (Count V); (6) Breach of Implied Covenant of

Good Faith Dealing (Count VI); (7) Promissory Estoppel (Count VII); (8)

Equitable Estoppel (Count VIII); and (9) Intentional Infliction of Emotional

Distress (Count IX).

On December 21, 2010, Deutsche Bank filed its Motion for Summary

Judgment.[2]  On December 28, 2010, Plaintiffs' counsel filed a Motion to Withdraw

as counsel.  Doc. No. 33.  The Motion to Withdraw was orally granted on January

4, 2011, and the written order followed on January 27, 2011.  *See* Doc. Nos. 36, 38.

---

[2] From a review of the docket, it appears that only Amber was served the Complaint.
*See* Doc. No. 8.

Due to the withdrawal of Plaintiffs' counsel, on January 28, 2011, the court entered

its "Notice to Pro Se Plaintiffs on Summary Judgment Requirements," which

outlined the deadlines and the parties' obligations for Deutsche Bank's Motion for

Summary Judgment. Doc. No. 39. Despite this Notice, Plaintiffs failed to file an

Opposition to Deutsche Bank's Motion for Summary Judgment as required by

February 22, 2011.

On March 14, 2011, a hearing was held on Deutsche Bank's Motion.

At the hearing, Plaintiffs requested additional time to file an Opposition, which the

court granted. The court further explained that because Deutsche Bank's

arguments apply equally to all Defendants, the court would consider Deutsche

Bank's Motion as raising arguments as to why summary judgment should be

granted in favor of all Defendants. *See* Fed. R. Civ. P. 56(f). Plaintiffs were

therefore instructed to explain in their Opposition why summary judgment should

not be granted as to all Defendants. Plaintiffs filed an Opposition on March 18,

2011, and Deutsche Bank filed a Reply on March 28, 2011.

### III. STANDARD OF REVIEW

Summary judgment is proper where there is no genuine issue of

material fact and the moving party is entitled to judgment as a matter of law. Fed.

R. Civ. P. 56(a). Rule 56(a) mandates summary judgment "against a party who

fails to make a showing sufficient to establish the existence of an element essential

to the party's case, and on which that party will bear the burden of proof at trial."

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Broussard v. Univ. of*

*Cal. at Berkeley*, 192 F.3d 1252, 1258 (9th Cir. 1999).

"A party seeking summary judgment bears the initial burden of

informing the court of the basis for its motion and of identifying those portions of

the pleadings and discovery responses that demonstrate the absence of a genuine

issue of material fact." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th

Cir. 2007) (citing *Celotex*, 477 U.S. at 323); *see also Jespersen v. Harrah's*

*Operating Co.*, 392 F.3d 1076, 1079 (9th Cir. 2004). "When the moving party has

carried its burden under Rule 56[(a)] its opponent must do more than simply show

that there is some metaphysical doubt as to the material facts [and] come forward

with specific facts showing that there is a *genuine issue for trial*." *Matsushita*

*Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586-87 (1986) (citation and internal

quotation signals omitted); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

247-48 (1986) (stating that a party cannot "rest upon the mere allegations or

denials of his pleading" in opposing summary judgment).

"An issue is 'genuine' only if there is a sufficient evidentiary basis on

which a reasonable fact finder could find for the nonmoving party, and a dispute is

'material' only if it could affect the outcome of the suit under the governing law."

*In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008) (citing *Anderson*, 477 U.S. at

248). When considering the evidence on a motion for summary judgment, the

court must draw all reasonable inferences on behalf of the nonmoving party.

*Matsushita Elec. Indus. Co.*, 475 U.S. at 587; *see also Posey v. Lake Pend Oreille*

*Sch. Dist. No. 84*, 546 F.3d 1121, 1126 (9th Cir. 2008) (stating that "the evidence

of [the nonmovant] is to be believed, and all justifiable inferences are to be drawn

in his favor." (citations omitted)).

## IV. <u>DISCUSSION</u>

### A. **Plaintiffs' Federal Claims**

Although the FAC lists out three separate federal claims, the content

of these claims is basically the same -- that Defendants failed to make various

disclosures as required by TILA.[3] Specifically, Count I asserts that Defendants

---

[3] The FAC also makes general references to the Real Estate Settlement Procedures Act, the Equal Credit Opportunity Act, the Gramm, Leach, Bliley Act, and the Fair and Accurate Credit Transactions Act. *See* FAC ¶ 11. In their Opposition, Plaintiffs further assert that they are asserting a claim for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e. Pls.' Opp'n ¶ 8. Plaintiffs assert no claims for relief (*i.e.*, no Counts) for any alleged violations of those federal laws, and the court therefore construes the FAC as not alleging any actual claims for violations of these statutes. *Cf. Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 840-41 (9th Cir. 2000) ("Courts have required separate counts where multiple claims are asserted, where they arise out of separate transactions or occurrences, and where separate statements will facilitate a clear presentation.") (citations omitted). Further, although Count I refers to 15 U.S.C. § 1802, this section is found in the United States Code chapter on Newspaper Preservation, and the court therefore construes this reference as a typographical error.

failed to give "[f]ull disclosure of the Mortgage and Note and related documents," Count II asserts that Defendants "failed to give the required notice in various loan documents and to have said documents signed by NAVALTA, as required by 15 U.S.C. 1601 et.seq. and Title 12, Regulation Z, Part 226 et.seq.," and Count III asserts that Defendants "failed to make disclosures as required by 15 U.S.C. 1601 et seq. and Title 2 Code of Federal Regulations, Sec.226.18." FAC ¶¶ 25, 30, 35.

Deutsche Bank argues that summary judgment must be granted on these claims because, among other reasons, Plaintiffs have no right of rescission and their claim for damages is time-barred. The court agrees.

As to Plaintiffs' TILA claim for rescission, Plaintiffs do not have a right of rescission because TILA specifically exempts from rescission "residential mortgage transactions," which are "transaction[s] in which a mortgage . . . is created or retained against the consumer's dwelling to finance the acquisition or initial construction of the dwelling." 15 U.S.C. §§ 1635(e)(1), 1602(w). The undisputed evidence establishes that Plaintiffs entered into the mortgage loan to purchase the subject property, *see* Deutsche Bank Exs. B (Uniform Residential Loan Application), C (Warranty Deed to Plaintiffs), and there is no evidence presented that Plaintiffs did not use the subject property as their dwelling. Accordingly, this mortgage transaction falls squarely within this exemption and

Plaintiffs cannot seek rescission pursuant to TILA.

Further, even if Plaintiffs could assert a TILA claim for rescission, such claim is time-barred. The right to rescission expires "three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first[.]" 15 U.S.C. § 1635(f). Section 1635(f) is an absolute statute of repose barring "any [TILA rescission] claims filed more than three years after the consummation of the transaction." *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002) (citing *King v. California*, 784 F.2d 910, 913 (9th Cir. 1986)). As such, the three-year period is not subject to equitable tolling. *See Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998) (stating that "§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period," even if a lender failed to make the required disclosures). Plaintiffs entered into the loan transaction on February 27, 2006, but did not bring this action until more than three years later on January 4, 2010. Plaintiffs' claim for TILA rescission therefore also fails as barred by the statute of limitations.

As to Plaintiffs' TILA claim for damages, it too is time-barred. TILA provides that any claim for damages must be brought "within one year from the date of the occurrence of the violation," 15 U.S.C. § 1640(e), which generally begins to run from the date of consummation of the loan. *King*, 784 F.2d at 915.

Although equitable tolling may apply in some circumstances, *see id.*, Plaintiffs have come forward with no evidence suggesting that they are entitled to tolling because Defendants either prevented Plaintiffs from discovering the alleged TILA violations or caused Plaintiffs to allow the filing deadline to pass. Given that Plaintiffs entered into the loan transaction on February 27, 2006 and did not file this action until January 4, 2010, the statute of limitations on this claim has long passed.

In opposition, Plaintiffs fail to address in any meaningful manner their TILA claims and instead focus on their state law claims, arguing that there are inconsistencies and/or improprieties in the chain of title of the mortgage and that Deutsche Bank engaged in misconduct in seeking foreclosure. These arguments, however, do not relate to the TILA claims and therefore fail to create a genuine issue of fact.

The court therefore GRANTS Deutsche Bank's Motion for Summary Judgment on Counts I-III of the FAC. Because the court's reasoning on Counts I-III applies equally to all Defendants, this grant of summary judgment is as to all Defendants. *See* Fed. R. Civ. P. 56(f).

///

///

**B.      Supplemental Jurisdiction**

Given the court's dismissal of all federal claims, the only claims

remaining are state law claims over which the court has only supplemental

jurisdiction.  To the extent that Plaintiffs seek supplemental jurisdiction over these

state law claims, the court "may decline to exercise supplemental jurisdiction . . . if

. . . the district court has dismissed all claims over which it has original

jurisdiction."  28 U.S.C. § 1367(c).  "[W]hen deciding whether to exercise

supplemental jurisdiction, 'a federal court should consider and weigh in each case,

and at every stage of the litigation, the values of judicial economy, convenience,

fairness, and comity.'"  *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156,

173 (1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

Judicial economy, convenience, fairness, and comity weigh in favor of

declining jurisdiction over Plaintiffs' state law claims.  The court therefore declines

jurisdiction over Plaintiffs' remaining claims.

## V.  CONCLUSION

Based on the above, the court GRANTS Deutsche Bank's Motion for

Summary Judgment as to the federal claims (Counts I-III).  This grant of summary

judgment is as to all Defendants.  Pursuant to 28 U.S.C. § 1367(c), the court

declines jurisdiction over Plaintiffs' remaining state law claims (Counts IV-IX)

and DISMISSES these claims without prejudice to Plaintiffs filing in Hawaii state

court.  The Clerk of Court is directed to close the case file.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 6, 2011.



/s/ J. Michael Seabright
_____
J. Michael Seabright
United States District Judge

*Navalta et al. v. Deutsche Bank Nat'l Trust Co. et al.*, Civ. No. 10-00005 JMS/KSC, Order
(1) Granting Defendant Deutsche Bank National Trust Company, as Indenture Trustee, for New
Century Home Equity Loan Trust 2006-1's Motion for Summary Judgment on the Federal
Claims, and (2) Declining Supplemental Jurisdiction over Remaining State Law Claims